NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-1155 & 12-1172
_____

UNITED STATES OF AMERICA

v.

MICHAEL R. JOHNSON,
                                          Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Nos. 2-00-cr-00136-007 & 2-00-cr-00146-001)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2013
_____

Before: RENDELL and GREENAWAY, JR., *Circuit Judges*, and ROSENTHAL,[*]
*District Judge*.

(Opinion Filed: July 1, 2013)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

_____

[*] Honorable Lee H. Rosenthal, District Judge for the United States District Court for the
Southern District of Texas, sitting by designation.

Appellant Michael R. Johnson violated the terms of his supervised release by conspiring to possess with intent to distribute 400 pounds of marijuana. The District Court revoked Johnson's supervised release and sentenced him to three consecutive terms of 11 months' imprisonment, reflecting Johnson's multiple violations. For the following reasons, we will affirm the judgment of the District Court.

## I. BACKGROUND

Since we write primarily for the benefit of the parties, we recount only the essential facts.

On September 21, 2000, Johnson pled guilty to several criminal charges — conspiracy to distribute more than 700 kilograms of marijuana, in violation of 21 U.S.C. § 846; conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h); and one count of possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Johnson received a sentence of 188 months' imprisonment and a term of five years of supervised release. Based on his cooperation, Johnson's sentence was later reduced to 72 months' imprisonment.

After his incarceration, Johnson served his supervised release in Pennsylvania and New Mexico. While in New Mexico, Johnson violated the terms of his supervised release by driving under the influence. As a result, the conditions of his supervised release were modified. Ten months later, Johnson again violated the terms of his

2

supervised release based on his arrest for violating a protection order, aggravated stalking, assaulting a household member, and disorderly conduct.

This appeal relates to Johnson's third violation of his supervised release based on an arrest by federal authorities in El Paso, Texas.

## II. JURISDICTION

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291.

## III. ANALYSIS

We review the procedural and substantive reasonableness of the District Court's sentence upon revocation of supervised release for an abuse of discretion. *See United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011); *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010). Procedural reasonableness requires that courts apply the 18 U.S.C. § 3553(a) factors meaningfully, although courts need not exhaustively explain the application of each individual factor. *See Friedman*, 658 F.3d at 360; *Doe*, 617 F.3d at 769-70; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Procedural reasonableness also requires consideration of the applicable Sentencing Guidelines and correct calculation of any Guidelines ranges. *See Friedman*, 658 F.3d at 360; *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). A sentence is substantively reasonable unless "'no reasonable sentencing court would have imposed the same

3

sentence on that particular defendant for the reasons the district court provided.'"

*Friedman*, 658 F.3d at 360 (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). We focus on the totality of the circumstances, and the party challenging the sentence has the burden of proving the sentence's substantive unreasonableness. *Id.*

**A. Procedural Reasonableness**

The District Court's sentence was procedurally reasonable because it considered the § 3553(a) factors, along with the appropriate provisions of Chapter 7 of the Guidelines and § 3583(e). The District Court explained its reasoning regarding §§ 3553(a)(1), (2), and (4) by discussing Johnson's history of violating the terms of his supervised release, the need for deterrence, and the Guidelines provisions concerning violations of supervised release. There is no basis to determine that the District Court erred.

**B. Substantive Reasonableness**

The District Court's consecutive sentences of 11 months' imprisonment for the violation of supervised release were certainly substantively reasonable. The District Court fully justified its sentence, particularly in light of Johnson's two previous violations of his supervised release. The District Court's sentence was within the Guidelines range and satisfies all of the elements of a substantively reasonable sentence.

4

Johnson has not met his burden of showing that a reasonable sentencing court would not have imposed the same sentence.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.